EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
STACEY D. SCHESSER, State Bar No. 245735
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5774
 Fax: (415) 703-5843
 Email: Stacey.Schesser@doj.ca.gov

Attorneys for Respondent Governor Schwarzenegger

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL SCOTT JONES,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>ARNOLD SCHWARZENEGGER,<br><br>　　　　　　　　　　Respondent. | C07-4323 JSW<br><br>**ANSWER TO ORDER TO SHOW CAUSE; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: The Honorable Jeffrey S. White |

**INTRODUCTION**

In this habeas corpus action, California state inmate Michael Scott Jones contends that the Governor violated his right to federal due process by reversing the Board of Parole Hearings' grant of parole without a sufficient evidentiary basis.

Jones generally challenges how the Governor weighed the evidence to find him unsuitable. However, because the state court's denial of Jones's state habeas petition was not contrary to or an unreasonable application of United States Supreme Court law, the Governor's decision must stand. Accordingly, this Court should deny the petition.

This Court issued an order to show cause on January 8, 2008. Respondent answer as follows:

### ANSWER

Respondent hereby admits, denies, and alleges the following in response to the Petition for writ of habeas corpus filed in this Court on August 22, 2007:

1. Respondent affirmatively alleges that Jones is lawfully in the custody of the California Department of Corrections and Rehabilitation following his November 13, 1989 conviction for second-degree murder with the use of a firearm. (Ex. 1, Abstracts of J.) He is currently serving an indeterminate sentence of fifteen years to life, plus an additional two-year enhancement for the use of a firearm. (*Id.*) Jones does not challenge this conviction in the instant action.

2. Jones was convicted of second-degree murder for fatally shooting his friend and roommate, Thomas Day, by shooting him five times at close range. On the evening of May 19, 1989, Jones was drinking for several hours with friends in a bar. As they left the bar, Jones showed one of his friends that he was carrying a revolver. Jones continued to drink with friends at a friend's house until 3:00 a.m., but then moved the party to the house he shared with Day. Day came out of his room to complain about the noise. After Jones's friends left, a third roommate and several neighbors heard gun shots. Day asked someone to call him an ambulance, but by the time the ambulance arrived, Day was dead. Jones left the house, fleeing on a bicycle taken from a neighbor's garage. When he saw police approach, Jones jumped off the bicycle and began to run away. An officer tackled Jones and a gun skidded away from Jones's body. After he was arrested, Jones told police that he did society a favor. Several days later he told a friend that he knew what he was doing and "the dick head deserved it."

At 6:30 a.m. on May 20, Jones's blood alcohol was .26 percent, with estimates that at 4:00 a.m., it was between .28 and .32 percent. An autopsy revealed that Day had been shot five times, and several shots had been fired into his back. A comforter from Day's bedroom contained several bullet holes caused by a gun fired somewhere between contact and four inches away. (Ex. 2, Probation Officer's Report at 4-7; Ex. 3, Ca. Ct. App. Dec at 1-4.)

3. Respondent admits that Jones received a parole consideration hearing before the Board

1 | of Parole Hearings on May 1, 2006. (Ex. 4, Hearing Tr.) At the hearing, the Board found Jones
2 | suitable for parole.

3 |     4. On September, 28, 2006, Governor Schwarzenegger reversed the Board's parole
4 | suitability finding pursuant to California Penal Code section 3041.2. The Governor relied on the
5 | commitment offense alone in reversing the Board's parole grant. (Ex. 5, Indeterminate Sentence
6 | Parole Release Review at 2.) Specifically, the Governor found that the second-degree murder for
7 | which Jones was convicted was extremely brutal and callous. (*Id.* at 2.) The Governor relied on
8 | the facts that the victim was trying to sleep when Petitioner and his friends came home, and after
9 | a brief argument, Petitioner "shot the victim five times in the neck, shoulder, chest and arm,
10 | leaving perforations in the chest, vertebral column and lungs," and "[t]hree of the shots were
11 | fired into his back and two at close range." (*Id.*) The Governor relied on the fact that after
12 | shooting the victim and leaving him to bleed from his wounds, Petitioner fled the scene, which
13 | demonstrated an exceptionally callous disregard for human suffering. (*Id.*) Moreover, the
14 | Governor relied on statements Jones had made to friends after the murder as well as the role
15 | Petitioner's alcohol abuse played in the commission of the murder to ultimately conclude that
16 | Jones's release from prison would pose an unreasonable risk of danger to society. (*Id.*)

17 |     5. Respondent admits that Jones filed a petition in Ventura County Superior Court
18 | generally alleging the same claims that he alleges here. (Ex. 6, Super. Ct. Pet.[1]) Respondent
19 | further admits that the Ventura County Superior Court denied Jones's petition for writ of habeas
20 | corpus in a reasoned decision on February 27, 2007 (Ex. 7, Order.)

21 |     6. Respondent admits that Jones filed a petition in the California Court of Appeal
22 | generally alleging the same claims that he alleges here. (Ex. 8, Ct. App. Pet.) Respondent
23 | further admits that the California Court of Appeal summarily denied Jones's petition for writ of
24 | habeas corpus on April 9, 2007. (Ex. 9, Order.)

25 |     7. Respondent admits that Jones filed a petition for review in the California Supreme

---

[1]. To avoid a voluminous and repetitive filing, Respondent does not include the exhibits to any of the state court habeas petitions as exhibits to this Answer. Respondent will of course provide this Court with its copies of those exhibits upon request.

Answer to Order to Show Cause; Mem. of P. & A.                                    *Jones v. Schwarzennegger*
                                                                                   C07-4323 JSW

Court generally alleging the same claims that he alleges here. (Ex. 10, Sup. Ct. Pet.) Respondent further admits that the California Supreme Court summarily denied Jones's petition on June 20, 2007. (Ex. 11, California Supreme Court Denial.)

8. Respondent admits that Jones thus exhausted his state court remedies in regard to the claims alleged here stemming from the Governor's 2006 reversal. 28 U.S.C. §2254(b). However, Respondent denies that Jones exhausted his claims to the extent that they are more broadly interpreted to encompass any systematic issues beyond the 2006 reversal.

9. Respondent denies that Jones presents a federal question when he contends that the state courts improperly applied or interpreted state law. Alleged errors in the application of state law are not cognizable in federal habeas corpus. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1984).

10. Respondent denies that Jones presents the proper standard of judicial review in federal habeas when he argues contentions based on decisions that are not clearly established Supreme Court law. (*See* Pet. at 14-23.)

11. Respondent preserves the argument that Jones does not have a federally protected liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979) (liberty interest in conditional parole release date created by unique structure and language of state parole statute); *In re Dannenberg*, 34 Cal. 4th 1061, 1087 (2005) (California's parole scheme is a two-step process that does not impose a mandatory duty to grant life inmates parole before a suitability finding); and *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (no federal liberty interest is created unless an action imposes an atypical or significant hardship compared with ordinary prison life). *Contra Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006) (holding that California inmates have a federally protected liberty interest in a parole date).

12. Respondent denies that the state court denials of habeas corpus relief were contrary to, or involved an unreasonable application of, clearly established United States Supreme Court law, or that the denials were based on an unreasonable interpretation of facts in light of the evidence presented. 28 U.S.C. § 2254(d). Jones therefore fails to make a case for relief under AEDPA.

13. Respondent affirmatively alleges that Jones had an opportunity to present his case, and that the Governor provided him with a detailed explanation for his reversal. Accordingly, Jones received all process due under *Greenholtz*, the only clearly established federal law regarding inmates' due process rights in a parole setting.

14. Respondent affirmatively alleges that the some-evidence standard does not apply in federal habeas proceedings challenging parole denials because it is not clearly established federal law. To the extent that this Court disagrees and finds that the some-evidence standard derived from the prison disciplinary context applies here, Respondent alleges that there is some evidence in the record supporting the Governor's 2006 reversal. Respondent thus denies violating Jones's due process rights on these grounds.

15. Respondent affirmatively alleges that the Governor is permitted to deny parole based on unchanging factors because there is no clearly established federal law that prohibits the Board from relying on these factors when determining parole suitability. Respondent also denies that the commitment offense has lost its predictive value and no longer constitutes evidence that Jones poses an unreasonable risk of danger to society.

16. Respondent alleges that the Governor properly reviewed all relevant and reliable information in the record, including evidence of both suitability and unsuitability.

17. Respondent denies that Petitioner has served beyond the applicable state law sentencing matrix. Respondent further denies that Petitioner has served a term beyond that contemplated by his sentence, which carries a maximum term of life imprisonment.

18. Respondent denies that the Governor's reversal heightens Petitioner's crime from a second-degree to a first-degree murder. Respondent further affirmatively alleges that there is no authority applying the criminal judicial standard set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 488-90 (2000), and *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004) to an administrative parole proceeding. In fact, the state regulations require that the Governor and Board consider "[a]ll relevant, reliable information." Cal. Code Regs. tit 15, § 2402(b). The California Supreme Court has also found that "the parole authority may credit evidence suggesting the inmate committed a greater degree of the offense than his or her conviction

evidences," such as that "one convicted only of second degree murder acted with premeditation and deliberation." *Dannenberg,* 34 Cal. 4th at 1095 n.16 (2005).

19. Respondent denies that the California Supreme Court's interpretation of California law set forth in *Dannenberg* presents an unreviewable standard or amounts to "obvious subterfuge to evade" federal due process. (See Petn. at 21.)

20. Respondent admits that Jones's claims are timely under 28 U.S.C. § 2244(d)(1), and are not barred by any other procedural defense.

21. Respondent denies that Jones is entitled to release.

22. Respondent denies that an evidentiary hearing is necessary in this matter.

23. Respondent affirmatively alleges that Jones establishes no grounds for habeas relief.

24. Except as expressly admitted above, Respondent denies every allegation in the petition, and specifically denies any violation of Jones's administrative, constitutional, or statutory rights.

Thus, Respondent requests that this Court deny the petition and dismiss these proceedings.

## MEMORANDUM OF POINTS AND AUTHORITIES

### ARGUMENT

### I.

### JONES FAILS TO SHOW THAT HABEAS RELIEF IS WARRANTED UNDER AEDPA.

Under AEDPA, a federal court may grant a writ of habeas corpus on a claim that a state court already adjudicated on the merits only if the state court's adjudication was either: 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(1-2) (2000). The state court decisions denying Jones's claim for habeas relief were neither contrary to or an unreasonable application of federal law, nor were they based on an unreasonable determination of the facts in light of the evidence presented. Therefore, Jones fails to establish a violation of AEDPA standards, and the state court decisions must stand.

**A. The State Court Decisions Were Not Contrary to Clearly Established Federal Law.**

The statutory language in 28 U.S.C. § 2254(d)(1) explicitly limits the scope of "clearly established Federal law" to decisions "determined by the Supreme Court of the United States." In interpreting this portion of the statute, the United States Supreme Court further elaborated on the requirement of "clearly established law" under AEDPA: "If this Court has not broken sufficient legal ground to establish an asked-for constitutional principle, the lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar." *(Terry) Williams v. Taylor*, 529 U.S. 362, 381 (2000). Thus, district and appellate court decisions on questions of law which the Supreme Court has not clearly ruled on do not qualify as "clearly established Federal law."

The case in which the Supreme Court has clearly ruled on what due process protections are required in a state parole system is *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1 (1979). The Court held that the only process due with respect to parole consideration is an opportunity for the inmate to present his case, and an explanation for a parole denial. *Greenholtz*, 442 U.S. at 16. Jones's claim fails because he received both of these protections.

At his hearing, Jones had an opportunity to present his case to the Board and he later received an explanation as to why the Governor reversed the Board's parole grant. (*See generally* Exs. 3-4.) Jones does not contend otherwise in his petition. Because Jones received all the federal constitutional rights under *Greenholtz*, the state courts' decisions are not in conflict with the clearly established federal law. Accordingly, the Petition must be denied.

    **1. It Is Improper to Import the Some-Evidence Test to Determine Whether Due Process Is Satisfied Because Prison Disciplinary Decisions are Factually Distinctive from State Parole Consideration Determinations.**

Jones invites this Court to consider the evidence reviewed by the Governor, which has no basis in clearly established Supreme Court law. In fact, in *Greenholtz*, the Supreme Court wrote, "nothing in due process concepts as they have thus far evolved requires the Parole Board to specify the particular 'evidence' in the inmate's file or at his interview on which it rests the discretionary determination that an inmate is not ready for conditional release." *Greenholtz*, 442

1  U.S. at 15.

2      Moreover, the United States Supreme Court has never held that a parole denial by the Board must be supported by the some-evidence standard Jones advocates. Jones's use of the some-evidence standard is derived from *Hill*, in which the Supreme Court considered a challenge by two inmates who lost 100 days of good-time credits after a prison disciplinary board determined that they were involved in an assault on another inmate. *Superintendent v. Hill*, 472 U.S. 445, 448 (1985). The Supreme Court held that the prison disciplinary board's decision must be supported by some evidence, even if meager or indirect evidence, in order to satisfy due process. *Id*. at 457. However, nothing in *Hill* discusses the federal process due an inmate in the context of parole consideration hearings. For purposes of AEDPA, then, *Hill's* some-evidence standard cannot be considered clearly established federal law. *(Terry) Williams, supra*, 529 U.S. at 381.

    In addition, the Supreme Court held that it is error to import a federal test derived in one factual situation to a completely different factual scenario in *Carey v. Musladin*, __ U.S. __, 127 S. Ct. 649, 653-54 (2006) [holding that the clearly-established test for inherent prejudice that governs state-sponsored conduct is not a clearly established standard for evaluating spectator conduct]; *see also Schriro v. Landrigan*, __ U.S. __, 127 S. Ct. 1933, 1942 (2007). In *Hill*, the specific issue presented was due process protections in a prison disciplinary hearing and not parole consideration, as it is here.

    As recently affirmed by the Ninth Circuit in *Stenson v. Lambert*, "when the Supreme Court has not addressed an issue in its holding, a state court adjudication of the issue not addressed by the Supreme Court cannot be contrary to, or an unreasonable application of, clearly established federal law." __ F.3d __, 2007 WL 2782551 at *5 (9th Cir. 2007); *see also Foote v. Del Papa*, 492 F.3d 1026, 1029-30 (9th Cir. 2007); *Nguyen v. Garcia*, 477 F.3d 716 (9th Cir. 2007). "What matters are the holdings of the Supreme Court, not the holdings of lower federal courts." *Plumlee v. Masto*, __ F.3d __, No. 04-15101, 2008 U.S. App. LEXIS 985, *14 (9th Cir. January 17, 2008).

    Given that *Hill* applied the some-evidence standard to a prison disciplinary hearing and Jones contests a parole reversal, the some-evidence standard does not apply to this case. Because

Answer to Order to Show Cause; Mem. of P. & A.                    *Jones v. Schwarzennegger*
                                                                   C07-4323 JSW

*Greenholtz* is the *only* United States Supreme Court authority describing the process due at a parole consideration hearing when an inmate has a federal liberty interest in parole, the *Greenholtz* test, not the some-evidence standard, should apply in this proceeding. Regardless, Respondent recognizes that the Ninth Circuit has held otherwise, most recently affirmed in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), and will argue this case accordingly.

### B. The State Court Decisions Upholding the Board's Denial of Parole Were Reasonable Applications of *Hill*.

Assuming that Jones has a federally protected liberty interest in parole and that the "minimally stringent" some-evidence standard applies, this Court can only grant relief if the state courts' decisions were unreasonable applications of *Superintendent v. Hill*. Under *Hill*, due process is satisfied if there is "any evidence in the record that could support the conclusion reached by the disciplinary board." *See Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (applying some-evidence standard to prison disciplinary hearing). The some-evidence standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence;" rather, it assures that "the record is not so devoid of evidence that the findings of the . . . board were without support or otherwise arbitrary." *Hill*, 472 U.S. at 455, 457.

Under AEDPA, state-court judgments must be upheld unless a federal court is convinced that a prisoner's custody violates the Constitution. *(Terry) Williams, supra* 529 U.S. at 389. Thus, both the "reasonable application" standard of AEDPA and the some-evidence standard of *Hill* are very minimal standards of review.

When, as here, the California Supreme Court denies a petition for review without comment, the federal court will look to the last reasoned decision as the basis for the state court's judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). In this case, the last reasoned decision is the Ventura County Superior Court decision denying Jones's habeas claim. (Ex. 7.) The court found "The Governor's determination is . . . supported by some evidence that he considered the appropriate factors. It is not the court's role to substitute its judgment for that of the Governor or the Board." (*Id.*) Contrary to Jones's contention, the role of the Court is not to determine the

proper weight of the evidence or the importance the Governor may cede to evidence in the record, but to determine whether any evidence in the record would support the Governor's determination. The state court found that there was some evidence based on the factors, and because Jones fails to show that the state court was unreasonable in its application of *Hill*, the Petition must be denied.

### C. The State Court Decisions Upholding the Board's Denial Were Based on a Reasonable Interpretation of the Facts in Light of the Evidence Presented.

The second standard under AEDPA is that state court habeas decisions must be based on a reasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2) (2000). Jones bears the burden of proving that the state courts' factual determinations were objectively unreasonable. 28 U.S.C. § 2254(e)(1); *Juan H. v. Allen*, 408 F.3d 1262, 1270 (9th Cir. 2005). In his Petition, Jones merely makes this allegation but does not prove that the state courts' upholding of the Board's denial were based on objectively unreasonable factual determinations. Furthermore, because Jones fails to contest any findings of fact made by the state courts, this AEDPA prong does not demand analysis or a different result. Given that the state courts' denials of habeas relief meet AEDPA standards, there are no grounds for this Court to overturn the decisions. The Petition for writ of habeas corpus should be denied.

## II.

### JONES FAILS TO PRESENT A CLAIM UNDER AEDPA WHEN HE ARGUES THAT HIS DUE PROCESS RIGHTS WERE VIOLATED BY A CONTINUED RELIANCE ON THE COMMITMENT OFFENSE.

Jones contends that his federal due process rights are violated by the Governor's reliance on unchanging factors. (Petn. at 14.) Not only does Jones fail to frame this claim as a challenge under AEDPA, but he fails to cite any clearly established Supreme Court law that concludes that relying on unchanging factors, such as the murder offense, violates a constitutional right. Furthermore, no Supreme Court precedent permits any federal court to engage in weighing or deliberating the value of evidence to determine if due process was violated in the parole consideration process. If anything, *Greenholtz* clearly prohibits this type of judicial intrusion. *See Greenholtz*, 442 U.S. at 15.

Answer to Order to Show Cause; Mem. of P. & A.                     *Jones v. Schwarzennegger*
                                                                                                    C07-4323 JSW

While it is true that the Ninth Circuit has held that continued reliance on an unchanging factor to deny parole "could result in a due process violation," it did not definitively indicate that reliance on an unchanging factor necessarily violates due process – only that it *possibly* could. *Biggs v. Terhune* 334 F.3d 910, 917 (9th Cir. 2003). Even more, this statement was found in the circuit court's dicta, and therefore cannot be construed as clearly established federal law sufficient to overturn a state court decision under AEDPA standards. *(Terry) Williams, supra,* 529 U.S. at 412 (O'Connor, J., concurring) (noting that the phrase "clearly established Federal law, as determined by [this] Court" refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision). Thus, the state court decisions were not contrary to or an unreasonable application of clearly established law with respect to this claim.

Finally, if this Court were to intervene on the basis of this claim, interests and concerns for preserving comity in the federal habeas context would certainly be disturbed. In interpreting AEDPA, the Supreme Court emphasized "the well-recognized interest in ensuring that federal courts interpret federal law in a uniform way." *(Terry) Williams*, 529 U.S. at 389. AEDPA provides for uniformity by vesting federal courts with review of state-court judgments to determine constitutional violations based on "law as determined by the Supreme Court of the United States." *Id.* Accordingly, because the Supreme Court has never found that a reliance on the commitment offense or unchanging factors violates due process rights or the Constitution, a federal court cannot find that a state court judgment was unreasonable on this basis. Such judicial action would offend the interest in comity. See *(Michael) Williams v. Taylor*, 529 U.S. 420, 436 (2000) (affirming AEDPA's legislative purpose of "comity, finality, and federalism" and effect of advancing the delicate balance between federal and state courts). Thus, claiming that a continued reliance on unchanging factors is a due process violation has no merit within the framework of AEDPA and should be denied.

///

///

///

Answer to Order to Show Cause; Mem. of P. & A.

*Jones v. Schwarzennegger*
C07-4323 JSW

# CONCLUSION

To invalidate the Board's parole denial under AEDPA, Jones must show that the state court decisions denying habeas relief were contrary to, or an unreasonable interpretation of, clearly established Supreme Court law, or that the decisions involved unreasonable factual determinations. Jones fails to make these showings. First, Jones received all process due under *Greenholtz*, the only clearly established federal law specifying due process in a parole setting. Second, the state court decisions denying Jones parole did not apply the some-evidence standard in a manner involving an unreasonable application of United States Supreme Court law, nor did they involve unreasonable factual determinations, because some evidence supports the Board's denial of parole. As a result, Respondent respectfully requests that this Court deny Jones's Petition for Writ of Habeas Corpus.

Dated: April 4, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

*/s/ Stacey D. Schesser*

STACEY D. SCHESSER
Deputy Attorney General
Attorneys for Respondent

40229580.wpd
SF2008400399

Answer to Order to Show Cause; Mem. of P. & A.

*Jones v. Schwarzenegger*
C07-4323 JSW

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   Jones v. Schwarzennegger

No.:   C07-4323 JSW

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>April 7, 2008</u>, I served the attached

### ANSWER TO ORDER TO SHOW CAUSE; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Michael Scott Jones**
**E-40401**
**Correctional Training Facility**
**P.O. Box 686**
**Soledad, CA 93960-0686**
IN PRO PER

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 7, 2008, at San Francisco, California.

|                        |                        |
| ---------------------- | ---------------------- |
| L. Santos              |                        |
| Declarant              | Signature              |

40237746.wpd