# EXHIBIT 10

S151971                                          ORIGINAL

## IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

In re                              )        Case No.
                                   )
          Michael S. Jones         )        Crim. No._____
                                   )
                                   )        Ventura County Superior
On Habeas Corpus                   )        Court Case No. CR24985
                                   )
                                   )
_____  )

                                              SUPREME COURT
                                                 FILED

                                              APR 1 8 2007

                                           Frederic_____ Clerk
                                                    Deputy

### PETITION FOR REVIEW

After the Decision of the Court of Appeal
         Second Appellate District
         Filed:  4-9        , 2007

                    Michael S. Jones #E-40401
                    Correctional Training Facility
                    P.O. Box 689 (G-319)
                    Soledad, CA 93960-0689

                    Petitioner - In Pro Per

TABLE OF AUTHORITIES

CASE:                                                    PAGE

In re Rosenkrantz
     (2002) 29 Cal.4th 616                                2,7

In re Lee
     (2006) 143 Cal.App.4th 140                           2,6

In re Wieder
     (2006) 145 Cal.App.4th 570                           2

In re Elkins
     (2006) 144 Cal.App.4th 475                           2,6

Biggs v. Terhune
     (9th Cir. 2003) 334 F.3d 910                         5,7

Greenholtz v. Nebraska Penal Inmates
     (1979) 442 U.S. 1, 7                                 5

McQuillion v. Duncan
     (9th Cir. 2002) 306 F.3d 895                         5

Jancsek v. Oregon Board of Parole
     (9th Cir. 1987) 833 F.2d 1385                        5

Sanchez v. Kane
     (C.D. Cal 2006) 444 F.Supp.2d 1049                   6

Rosenkrantz v. Marshall
     (C.D. Cal 2006) 444 F.Supp.2d 1063                   6

In re Ernest Smith
     (2003) 114 Cal.App.4th 343                           7

United States Constitution

5th and 1th Amendments                                    3

California Constitution

Article 1, Section 15                                     3

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| PETITION FOR REVIEW | 1 |
| QUESTIONS PRESENTED | 1,2 |
| NECESSITY FOR REVIEW | 2 |

## ARGUMENT

THE GOVERNOR DEPRIVED PETITIONER OF HIS FEDERALLY PROTECTED LIBERTY INTEREST AND VIOLATED HIS 5TH AND 14TH AMENDMENT CONSTITUTIONAL RIGHT TO DUE PROCESS WHEN HE REVERSED PETITIONER'S PAROLE GRANT WITHOUT ANY RELIABLE EVIDENCE DEMONSTRATING PETITIONER CURRENTLY ENDANGERS PUBLIC SAFETY BASED ON THE UNCHANGING FACTS OF THE OFFENSE, AFTER IGNORING THE EVIDENCE OF HIS REHABILITATION PROGRAMMING AND CONTINUED EXEMPLARY BEHAVIOR WHILE IN PRISON.

A. Introduction

   B. The Governor's Decision To Deny Parole was not Supported by "Some Evidence" Having An Indicia of Reliability Given the Passage of Time Since the Crime Occurred.

   C. The State Parole Authority Mathematically Demonstrates Systematic Bias In Their Decision Making Process by Denying Parole to Over 99% of Appearing Inmates.

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

In re                              )      Case No.
                                   )
        Michael S. Jones           )      Crim. No._____
                                   )
                                   )      Ventura County Superior
On Habeas Corpus                   )      Court Case No. CR24985
                                   )
                                   )
_____    )

## PETITION FOR REVIEW

TO THE HONORABLE RONALD M. GEORGE, CHIEF JUSTICE, AND TO THE
HONORABLE ASSOCIATE JUDGES OF THE SUPREME COURT OF THE STATE OF
CALIFORNIA.

Petitioner Michael Jones petitions this court for review following
the decision of the Court of Appeal, Second Appellate District,
filed in that Court on _____4-9_____, 2007. A copy of
the opinion of the Court of Appeal is attached hereto as Exhibit
A.

### QUESTIONS PRESENTED

1.  Can the Governor deprive a prisoner of their federally
protected liberty interest by denying parole based on the immutable
facts of a 17 plus year old commitment offense whose crime factors
reflect the minimum necessary to support conviction, when the
prisoner has been disciplinary free for an extended period, has
participated in rehabilitation type programs while in prison,
has an over all positive program, minimal or no criminal conduct
(convictions) of an assaualtive or any nature, and positive CDCR
Counselor and psychological evaluations?

2.  Does the State's denial of parole release to 99%+ of appearing

1

inmates over the past fifteen years reflect both a constitutional application of Penal Code §3041, subsections (a) and (b), and conformity with this Court's standard in In re Rosenkrantz (2002) 29 Cal.4th 616, 683, that the Board shall normally grant parole on an overall basis?

### NECESSITY FOR REVIEW

A grant of review and resolution of these issues by this court are necessary to secure uniformity of decision and to settle important questions of law. The need for uniformity of decisions is demonstrated by comparison of this case with those wherein the crime circumstances such as the instant second-degree murder crime fails to provide the necessary evidence to support parole denial in light of the minimally necessary standard, precluding its use to support 'parole' denial decision. Petitioner respectfully submits that viewing the below case decisions for more grave offenses with his crime factors demonstrates the lack of uniformity in application of the due process standard depriving Petitioner of his federally protected liberty interest. See In re Lee (2006) 143 Cal.App.4th 140; In re Weider (2006) 145 Cal.App.4th 570; In re Elkins (2006) 144 Cal.App.4th 475. This case also provides this Court with an opportunity to determine if by denying parole release to approximately 99% of appearing inmates over the past decade the state is normally granting parole release as required by In re Rosenkrantz, supra, 29 Cal.4th at 683 and the California parole scheme, or does the denial of parole percentage during that period of time mathematically reflect a factual historical bias against parole depriving appearing inmates

of a federally protected liberty interest.

In sum, Petitioner respectfully submits, that given the passage of time in this case, "some evidence' having the necessary state and federal indicia of reliability cannot support the Governor's offense findings in this matter as required by the United States Constitution, Fifth and Fourteenth Amendments, the California Constitution, Article I, Section 15, and applicable state and federal case rulings, given the minimum circumstances of the instant offense.

### ARGUMENT I

THE GOVERNOR DEPRIVED PETITIONER OF HIS FEDERALLY PROTECTED LIBERTY INTEREST AND VIOLATED HIS 5TH AND 14TH AMENDMENT CONSTITUTIONAL RIGHT TO DUE PROCESS WHEN HE REVERSED PETITIONER'S PAROLE GRANT WITHOUT ANY RELIABLE EVIDENCE DEMONSTRATING PETITIONER CURRENTLY ENDANGERS PUBLIC SAFETY BASED ON THE UNCHANGING FACTS OF THE OFFENSE, AFTER IGNORING THE EVIDENCE OF HIS REHABILITATION PROGRAMMING AND CONTINUED EXEMPLARY BEHAVIOR WHILE IN PRISON.

## A. Introduction

On May 1, 2006, Petitioner appeared before the Board of Parole hearings (BPH) for the fourth time, was found suitable for parole, and his term was computed. On September 28, 2006, the Governor reversed that decision, and denied parole to Petitioner based on the unchanging circumstances of his offense. On January 30, 2007, Petitioner field a petition for writ of habeas corpus in the Venutra County Superior Court, case number CR24985. On February 27, 2007, the Superior Court summarily denied that petition, without providing a reasoned decision. (See Exhibit B.)

In 1989, Petitioner was convicted of second-degree murder. An argument ensued over noise caused by a late night party at the house, Petitioner shot and killed his roommate Thomas Day.

The type of wounds suffered by the victim clearly demonstrates death was almost instantaneous. However, the Governor noted his belief that Petitioner "Committed an exceptionally callous second-degree murder demonstrating an exceptionally callous disregard for human suffering, because he fled the scene," and on that basis denied parole.

Petitioner has been disciplinary free for 17 years, earned his G.E.D., Completed Vocational Training, and College, has a favorable psychological report, has parole plans, and has attended AA. Petitioner also has CDC Psychological Evaluation Report findings that if released to the community he has a "low" violence potential. Petitioner uniform term is a Cal.Regs., tit. 15, §2403(c) 17-18-19 versus the twenty (16+ actual plus 5 credit years) he has served on his life term.

A review of the factors in this case will also show the Governor effected his denial result by declaring factual evidence not in record to support his contentions and by relying on baseless allegations which do not demonstrate that petitioner is currently an unreasonable threat to public safety if released.

The details of this case are more fully developed in the appellate writ which this court reviewed as a matter of procedure as defined in the California Rules of Court.

**B. The Governor's Decision to Deny Parole was not Supported by "Some Evidence" Having An Indicia of Reliability Given the Passage of Time Since the Crime Occurred.**

In <u>Biggs v. Terhune</u>, supra, at p.914, a case with substantially more egregious situational factors and a prison record analogous to this Petitioner's, the court cited <u>Greenholtz v. Nebraska Penal</u>

Inmates (1979) 442 U.S. 1, 7, and McQuillion v. Duncan (9th Cir. 2002) 306 F.3d 895, 903, and held that "[b]ecause the "California parole scheme [Penal Code § 3041(b)] vests in every inmate a constitutionally protected liberty interest" and then held "protected by the procedural safeguards of the Due Process Clause," "some evidence" have an indicia of reliability must underlay every Board [or Governor's] decision, citing Jancsek v. Oregon Board of Parole (9th Cir. 1987) 833 F.2d 1389.

Numerous state and federal decisions have recently held that when a prisoner such as Petitioner has behaved in a disciplinary free manner over a long term, in this case over 17 years, a Board [or Governor's] finding denying parole based on the immutable facts of the prisoner's criminal conduct or prior history would be devoid of evidence, since the predictive value of these factors would have become nil if the prisoner has demonstrated rehabilitation and remained disciplinary free for an extended period, as in this case. See In re Lee, supra; In re Elkins, supra; Sanchez v. Kane (C.D. Cal 2006) 444 F.Supp.2d 1049; Rosenkrantz v. Marshall (C.D. Cal. 2006) 444 F.Supp.2d 1063. Case with substantially more violent crimes than that committed by this Petitioner.

Petitioner therefore respectfully submits that in accordance with these recently announced federal due process standards, given his seventeen (17) years of disciplinary free prison performance, his on-going positive programming, the substantially lesser gravity of his offense, and his lack of a previous criminal history, the immutable facts of his crime cannot provide the some evidence

5

needed to support a parole denial decision. Therefore, the Governor's reliance on the gravity of his offense from over seventeen (17) years past to deny parole is completely contrary to the evidence before the Governor, thus his findings and decisions were without any reasoned factual basis, i.e. devoid of evidence, and as a result were arbitrary and capricious, depriving Petitioner of his state and federal right to due process.

C.  The State Parole Authority Mathematically Demonstrates Systematic Bias In Their Decision Making Process by Denying Parole to Over 99%+ of Appearing Inmates.

Petitioner respectfully a review of a statistical data, which can be obtained and provided upon authorized discovery, will demonstrate the State routinely denies parole release to approximately 99%+ of appearing inmates contrary to this Court's holding in In re Rosenkrantz, supra, 29 Cal.4th at 683, and contrary to the standard initially noted in Biggs v. Terhune, supra, at 916-917. Further, Petitioner submits a detailed review of case record history will show the state routinely declares the offenses committed by approximately 99%+ of inmates denied parole as having been carried out in an "especially heinous, atrocious, or cruel," i.e. particular egregious manner, or by equivalent wording, regardless of the circumstances of the crime. It is impossible for 99% of crimes committed which carry an indeterminate sentence to be particularly, especially the offense in this case. (See In re Ernest Smith (2003) 114 Cal.App.4th 343 holding that in California parole is the rule, i.e. the norm, and not the exception; and that only especially grave, i.e.

particularly egregious, crimes can be used to support a parole denial decision. See In re Rosenkrantz, supra, 29 Cal.4th holding a "particularly egregious" crime is one with elements of a more serious crime not found by a jury. Factors not present or applicable in this case.

## CONCLUSION

For the above reasons, Petitioner requests this Court grant review.

Date: _____4-13_____, 2007

Respectfully submitted,

*Mike Jones*

Michael S. Jones,
Petitioner, In Pro Per

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT
DIVISION: 6

DATE:  April 9, 2007

Michael S Jones
E-40401
Correctional Training Facility
P.O. Box 686 (GW-319)
Soledad, CA  93960

IN RE
    MICHAEL S. JONES,
ON

HABEAS CORPUS.

B197593
Ventura County No. CR24985

THE COURT:

    Petition for writ of habeas corpus is denied.

EXHIBIT B

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

JUDGE: _JAMES P. CLONINGER_    DATE: _February 27, 2007_    TIME: _____

CLERK: _CAROL HENRY_    BAILIFF: _____    CASE NO: _CR24985_

TYPE OF CASE:

In re the Matter of

      MICHAEL SCOTT JONES,  Petitioner

          for Writ of Habeas Corpus

**NATURE OF PROCEEDINGS:**  WRIT OF HABEAS CORPUS DENIED

The decision by the Governor to overrule the Board's setting of a parole date for the petitioner is one with which reasonable people may differ.  The petitioner has an unusually good record in prison and has made, as the Governor noted, "creditable gains."

The Governor's determination is, however, supported by some evidence and it appears to the court that he considered the appropriate factors.  It is not the court's role to substitute its judgment for that of the Governor or the Board.

The petition for the writ of habeas corpus is denied.

Dated:  February 27, 2007

                            JAMES P. CLONINGER
                            Judge of the Superior Court

**MICHAEL D. PLANET,** Superior Court Executive Officer and Clerk.

                  By: _____
                          Deputy Clerk

## MINUTES

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

CASE NO.:    CR24985                    In the Matter of Michael Scott Jones, Petitioner

I am employed in the County of Ventura, State of California. I am over the age of 18 years and not a party to the above-entitled action. My business address is 800 S. Victoria Avenue, Ventura, CA 93009. On February 28, 2007, I served the following document described as:

WRIT OF HABEAS CORPUS DENIED[                    ]

by placing a true copy thereof for collection and mailing so as to cause it to be mailed on the above date, following standard court practices, in sealed envelopes addressed as follows:

Michael S. Jones - #E-40401
Correctional Training Facility
PO Box 689 (GW-319)
Soledad, CA 93960-0689

Office of the District Attorney
Brown Mail #2730
Writ Department

I am "readily familiar" with the County's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service and/or interoffice mail on that same day with postage thereon fully prepaid at Ventura, California in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated and executed at Ventura, California on February 28, 2007.

**MICHAEL D. PLANET,** Superior Court                    By: _Pascal Gasparro_
        Executive Officer and Clerk                                    Judicial Secretary

## DECLARATION OF MAILING

PROOF OF SERVICE BY MAIL
BY PERSON IN STATE CUSTODY
(C.C.P §§ 1013(A), 2015.5)

Case Name: MICHAEL S. JONES v. ARNOLD SCHWARENEGGER, GOVERNOR

I, Lance Van Hook, delcare:

I am over 18 years of age and I am not a party to this action.
I am a resident of Correctional Training Facility prison, in the
County of Monterey, State of California. My prison address is:

        Lance Van Hook #E-08434
        Corectional Training Facility
        P.O. Box 689 (Y-205L)
        Soledad, CA 93960-0689

On ___4-13___, 2007, I served the attached:


Petition For Review With Exhibts Attached Thereto.


on the parties herein by placing true and correct copies thereof,
enclosed in a sealed envelope (verified by prison staff) with
postage paid thereon fully paid, in the United States Mail in
a deposit box so provided at the above-named institution in which
I am presently confined. The envelope was addressed as follows:

Department of Justice            California Court of Appeals
Office of the Attorney General   Second Appellate District
300 South Spring Street          200 E. Santa Clara St.
Los Angeles, CA 90013            Vebtura, CA 93001


I declare under penalty of perjury under the laws of the State
of California that the foregoing is true and correct. Executed
on ___4-13___, 2007.


                              Lance Van Hook
                        Lance Van Hook, Declarant

************** **FILE COPY** ************

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT
DIVISION: 6

DATE: April 9, 2007

Superior Court County of Ventura
800 S. Victoria Ave.
Ventura, CA  93009

IN RE
    MICHAEL S. JONES,
ON

HABEAS CORPUS.

B197593
Ventura County No. CR24985

THE COURT:

    Petition for writ of habeas corpus is denied.

************* **FILE COPY** ************

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT
DIVISION: 6

DATE: April 9, 2007

Office of the District Attorney
ATTN: WRIT DIVISION
800 South Victoria Avenue
Ventura, CA  93009

IN RE
    MICHAEL S. JONES,
ON

HABEAS CORPUS.

B197593
Ventura County No. CR24985

THE COURT:

    Petition for writ of habeas corpus is denied.

************** **FILE COPY** ************

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT
DIVISION: 6

DATE: April 9, 2007

Office of the Attorney General
300 South Spring Street
Fifth Floor, North Tower
Los Angeles, CA 90013

IN RE
     MICHAEL S. JONES,
ON

HABEAS CORPUS.

B197593
Ventura County No. CR24985

THE COURT:

     Petition for writ of habeas corpus is denied.

************* **FILE COPY** ************

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT
DIVISION: 6

DATE: April 9, 2007

Michael S Jones
E-40401
Correctional Training Facility
P.O. Box 686 (GW-319)
Soledad, CA 93960

IN RE
    MICHAEL S. JONES,
ON

HABEAS CORPUS.

B197593
Ventura County No. CR24985

THE COURT:

    Petition for writ of habeas corpus is denied.