IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT JONES, | No. C 07-4323 JSW (PR) |
| Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| RANDY GROUNDS, Warden, | |
| Respondents. | |

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition challenging the governor's reversal of a decision of the Board of Parole Hearings ("Board") to grant him parole. This Court ordered Respondent to show cause why a writ should not issue. After Respondent had answered and Petitioner had filed a traverse, the United States Court of Appeals for the Ninth Circuit decided *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), in which a number of important issues involving parole habeas cases had been raised. In consequence, the Court ordered the parties to provide supplemental brief addressing the impact of *Hayward* on this case, which they have done. For the reasons stated below, the petition is granted on the merits.

**BACKGROUND**

**A.     Procedural History**

A Ventura County Superior Court jury convicted Petitioner of second-degree murder with the use of a firearm. (Ex. 1 (Abstract of Judgment) at 1.)[1] On December

---

[1] Citations to "Ex." are to the exhibits making up the record. They are attached to Respondent's Answer.

12, 1989, he was sentenced to prison for seventeen years to life.

The Board granted Petitioner a parole date in a decision on May 1, 2006, in his fourth suitability hearing. (Ex. 4 at 1, 59.) On September 22, 2006, Governor Schwarzenegger reversed the grant of parole. (Ex. 5.) Petitioner's state habeas petition in Ventura County Superior Court was denied. (Ex. 7.) The denial reads, in its entirety:

> The decision by the Governor to overrule the Board's setting of a parole date for the petitioner is one with which reasonable people may differ. The petitioner has an unusually good record in prison and has made, as the Governor noted, 'creditable gains.'
>
> The governor's determination is, however, supported by some evidence and it appears to the court that he considered the appropriate factors. It is not the court's role to substitute its judgment for that of the Governor or the Board
>
> The petition for the writ of habeas corpus is denied.

(*Id.*) Petitioner's subsequent petition in the California Court of Appeal was denied without explanation on April 19, 2007, and on June 20, 2007, the California Supreme Court denied his petition for review, again without comment. (Ex. 9, 11). Respondent concedes that Petitioner has exhausted his state judicial remedies on the claim raised here. (Ans. at ¶ 8.)

**B.     Factual Background**

What follows is the Governor's summary of the facts of the case. Petitioner does not dispute it.

> On May 20, 1989, Michael Jones shot to death his roommate Thomas Day during a drunken argument. Mr. Jones and Mr. Day had been roommates for the previous two years. The lived together in a house with a third roommate, Alex Morrissey. The evening before the murder, Mr. Jones was drinking at a bar with friends. The group left the bar and went to the home of Bernie Hoffard, who lived across the street from Mr. Jones. On the way to Mr. Hoffard's house, Mr. Jones showed a revolver to one of his friends and said that he need it for protection. He also asked that the gun not be mentioned to anyone.
>
> At Mr. Hoffard's house, the group played cards and continued to drink beer. At approximately 3 a.m. on the morning of the murder, the group moved to Mr. Jones's house, where the card playing and beer drinking continued. At some point, Mr. Day came out of his room to complaint about the noise. Mr. Jones told him that he paid rent and was entitled to invite people to the house. Mr. Hoffard suggested that the party move

> back to his house, but recommended that Mr. Jones stay home. Mr. Jones complied, and the others left. Mr. Morrissey, who was also in the house, overheard Mr. Day tell Mr. Jones, "Thirty days and you are out of here." He then heard several gun shots. Mr. Day, who was shot five times, knocked on Mr. Morrissey's door and asked him to call an ambulance. Mr. Day was dead by the time the ambulance arrived.
>
> Mr. Jones fled the house and took a bicycle from a neighbor's garage. Police officers saw him with the bicycle and arrested him. He told police officers that he "did fucking society a favor" and he "hoped [he] killed the mother fucker."

(Ex. 5 at 1.)

## DISCUSSION

### I. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the Petitioner is not challenging his underlying state court conviction." *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Under AEDPA, this Court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at § 2254(d). Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

//

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Id.* at 412; *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

**II.     Respondent's Claims**

In order to preserve the issues for appeal, Respondent argues that California prisoners have no liberty interest in parole, and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions are contrary to Ninth Circuit law, they are without merit. *See Pirtle v. California Bd. of Prison Terms*, 611 F.3d 1015, 1020-21 (9th Cir. 2010) (California's parole scheme gives rise to a liberty interest in parole, including requirement that denial be supported by "some evidence"); *Cooke v. Solis*, 606 F.3d 1206, 1213-14 (9th Cir. 2010) (citing *Hayward*, 603 F.3d at 555, 561-64); *Pearson v. Muntz*, 606 F.3d 606, 610-11 (9th Cir. 2010) (citing *Hayward*, 603 F.3d at 561-64).

**III.    Petitioner's Claim**

Petitioner contends that because there was not "some evidence" to support the Governor's reversal of the Board's grant of parole, the reversal violated his due process rights.

**A.     Impact of *Hayward***

As noted, the Court permitted the parties to file supplemental briefs addressing the impact on this case of the Ninth Circuit's decision in *Hayward*. In his supplemental brief, Respondent contends that *Hayward* requires only that prisoners being considered for parole be afforded those protections provided by state law, which includes a determination whether the decision was supported by "some evidence," and that if the state courts actually makes that determination, federal law is satisfied – no review of

4

whether the "some evidence" determination was correct or was unreasonable is permitted. (Supp. Ans. at 6.) Ninth Circuit cases subsequent to the filing of the brief, however, establish that this is incorrect.

*Hayward* did hold that there is no constitutional right to "release on parole, or to release in the absence of some evidence of future dangerousness," arising directly from the Due Process Clause of the federal constitution; instead, any such right "has to arise from substantive state law creating a right to release." *Hayward*, 603 F.3d at 555. The court overruled *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123 (9th Cir. 2006); and *Irons v. Carey*, 505 F.3d 846 (9th Cir. 2007), "to the extent they might be read to imply that there is a federal constitutional right regardless of whether state law entitles the prisoner to release . . . ." *Hayward*, 603 F.3d at 556. All three of those cases had discussed the "some evidence" requirement, but in all three it was clear that the requirement stemmed from a liberty interest created by state law; that portion of the cases, therefore, was not overruled by *Hayward*. *See Biggs*, 334 F.3d at 914-15; *Sass*, 461 F.3d at 1127-19; *Irons*, 505 F.3d at 850-51; *see also Cooke*, 606 F.3d at 1213-14 (post-*Hayward* case; noting that California law gives rise to a liberty interest in parole). However, all three also contained references in dictum to the possibility that "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, [would] run[] contrary to the rehabilitation goals espoused by the prison system and could result in a due process violation." *Biggs*, 334 F.3d at 916-17; *see also Sass*, 461 F.3d at 1129; *Irons*, 505 F.3d at 853-54. It appears that this possibility – referred to below as a "*Biggs* claim" – is the only thing that was "overruled" by *Hayward*.

Aside from its holding that there could be no *Biggs* claim arising directly from the Due Process Clause of the Constitution, *Hayward*'s potential effect has been negated by decisions subsequent to that case. The Ninth Circuit still recognizes that California law gives rise to a liberty interest in parole. *Pirtle*, 611 F.3d at 1020-21; *Cooke,* 606 F.3d at 1213-14; *Pearson,* 606 F.3d at 610-11. Under California law, "some evidence" of

5

current dangerousness is required in order to deny parole. *Hayward*, 603 F.3d at 562 (citing *In re Lawrence*, 44 Cal. 4th 1181, 1205-06 (2008), and *In re Shaputis*, 44 Cal. 4th 1241 (2008)). "California's 'some evidence' requirement is a component of the liberty interest created by the parole system of that state." *Cooke*, 606 F.3d at 1213. A federal court considering a "some evidence" claim directed to a parole denial thus must determine whether there was "some evidence" of current dangerousness to support the parole board's decision; if not, the prisoner's due process rights were violated. This was also true prior to *Hayward*, although now the rationale is that the Court is applying California's "some evidence" rule as a component of the required federal due process. *See Pirtle*, 611 F.3d at 1020-21; *Cooke*, 606 F.3d at 1213-14; *Pearson*, 606 F.3d at 610-11. Respondent's arguments regarding the impact of *Hayward* are rejected.

**B.   Analysis**

In *Hayward* the en banc court held that a federal district court reviewing a California parole decision "must determine 'whether the California judicial decision approving the governor's [or the Board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Hayward*, 603 F.3d at 562-63 (quoting 28 U.S.C. § 2254(d)(1)-(2)).

The California Supreme Court explained how the state "some evidence" requirement should be applied in the important and relatively recent case of *In re Lawrence*. That requirement was summarized in *Hayward* as follows:

> [a]s a matter of California law, "the paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety." There must be "some evidence" of such a threat, and an aggravated offense "does not, in every case, provide evidence that the inmate is a current threat to public safety." The prisoner's aggravated offense does not establish current dangerousness "unless the record also establishes that something in the prisoner's pre- or post- incarceration history, or his or her current demeanor and mental state" supports the inference of dangerousness. Thus, in California, the offense of conviction may be considered, but the consideration must address the determining factor, "a current threat to public safety."

6

*Id.* at 562 (quoting *In re Lawrence*, 44 Cal. 4th. at 1191, 1209-15); *see also Cooke*, 606 F.3d at 1214 (describing California's "some evidence" requirement).[2]

In his reversal letter, after setting out the facts of the offense quoted above, the Governor describes the factors favoring parole:

> I have considered various positive factors in reviewing whether Mr. Jones is suitable for parole at this time. In addition to remaining discipline-free for his entire period of incarceration, Mr. Jones made efforts to enhance his ability to function within the law upon release. He received a GED in 1991 and took college courses, and he was training in sexually transmitted and infectious diseases. He also completed training in screen process printing and took courses in business management. He worked institutional jobs in the culinary department, the inmate day labor program, and the maintenance and yard crews. He availed himself of an array of self-help and therapy, including Alcoholics Anonymous, the Twelve-Step Program, Anger Management, Family Effectiveness Training, Fatherhood and Anger Management, Impact, Life Skills Program, and video training. He maintains seemingly solid relationships and close ties with supportive family and friends, and he received some positive evaluations from mental-health and correctional professionals over the years. He also made plans upon his release to live in a family-owned home in San Bernardino County, the county to which the Board approved his parole, and to work with a family-owned construction company.

(Ex. 5 at 1-2.)

The Governor then concluded that "the gravity of the murder perpetrated by Mr. Jones presently outweighs the positive factors," and that "[t]he gravity of the second-degree murder committed by Mr. Jones is alone sufficient for me to conclude presently

---

[2] Although the decisions of the Board, the Governor, and the state courts in this case all were prior to the California Supreme Court's decision in *In re Lawrence,* that case applies retroactively. *See Hayward*, 603 F.3d at 550 (applying *Lawrence* to case decided by state courts prior to that decision); *Hart v. Curry*, --- F.Supp.2d ----, 2010 WL 3118674 at *7 (N.D. Cal. Aug. 5, 2010) (holding that *Lawrence* applies retroactively to governor reversal of parole); *Hinkles v. Vaughn*, No. CV 05-0024-ODW, 2009 WL 6312276, at *15 n.13, *16 n.15 (C.D. Cal. Dec. 4, 2009) (concluding that there was no need to analyze retroactivity because *Lawrence* merely clarified existing California law); *Nix v. Hartly*, No. EDCV 07-1435, 2009 WL 3055398, at *6 n.7 (C.D. Cal. Sept. 24, 2009); *Branham v. Davison*, No. EDCV 06-1294-ODW OP, 2009 WL 3055404, at *7 n.7 (C.D. Cal. Sept. 22, 2009); *see also Styre v. Adams*, 635 F.Supp.2d 1166, 1170 (E.D. Cal.2009) (applying the "some evidence" standard from *Lawrence* to a pre- *Lawrence* denial of parole). *But see Gzikowski v. Dexter*, No. EDCV 08-01189 RGK, 2009 WL 1530817, at *7 (C.D. Cal., May 29, 2009) (holding that *Lawrence* cannot be applied retroactively because nothing in the California Supreme Court's decision indicates that the court intended its decision to apply retroactively).

1    that his release from prison would pose an unreasonable public-safety risk." (*Id.* at 2-3.)

2    In *Lawrence* the California Supreme Court said that "[a]t some point . . . when 3 there is affirmative evidence, based upon the prisoner's subsequent behavior and current 4 mental state, that the prisoner, if released, would not currently be dangerous, his or her 5 past offense may no longer realistically constitute a reliable or accurate indicator of the 6 prisoner's current dangerousness." *Lawrence*, 44 Cal. 4th at 1219. The court therefore 7 held that "the aggravated nature of the crime does not in and of itself provide some 8 evidence of current dangerousness to the public unless the record also establishes that 9 something in the prisoner's pre- or post-incarceration history, or his or her current 10 demeanor and mental state, indicates that the implications regarding the prisoner's 11 dangerousness that derive from his or her commission of the commitment offense remain 12 probative to the statutory determination of a continuing threat to public safety." *Id.* at 13 1214. This the Governor did not do; he relied only on the "aggravated nature of the 14 crime." Further, the hearing transcript reveals nothing in "the prisoner's pre- or 15 post-incarceration history, or his or her current demeanor and mental state," that would 16 establish that the nature of the crime remained probative of his danger to public safety as 17 of 2006.

18   In short, there was not "some evidence" under California's standard as set out in 19 *In re Lawrence* to support the Governor's reversal. The reversal violated Petitioner's 20 due process rights. *See Pirtle*, 611 F.3d at 1020-21 (California's "some evidence" rule is 21 a component of federal due process in parole habeas cases); *Cooke*, 606 F.3d at 1213-14 22 (same); *Pearson*, 606 F.3d at 610-11 (same).

23   When a federal court considers a "some evidence" claim involving a parole 24 denial, the "necessary subsidiary findings" and the "ultimate 'some evidence' findings" 25 by the state courts are factual findings – and thus are reviewed by the federal court under 26 28 U.S.C. § 2254(d)(2) for whether the decision was "based on an unreasonable 27 determination of the facts in light of the evidence." *Cooke*, 606 F.3d at 1215 (citing 28 *Hayward*, 603 F.3d at 563). The state courts that considered Petitioner's state habeas petitions did not have the benefit of the *Lawrence* decision, so cannot be faulted for

8

failing to conclude that the governor's decision, based as it was entirely on the nature of the offense, violated due process; nevertheless, given that *Lawrence* clearly must be applied here, *see Hayward*, 603 F.3d at 550 (applying *Lawrence* "some evidence" standard to a pre- *Lawrence* decision by the Governor to deny parole), the Court concludes that the state courts' decisions were based on unreasonable determinations of the facts in light of the evidence. The petition will be granted.

## CONCLUSION

The petition for a writ of habeas corpus is GRANTED. Accordingly, within twenty-one days of the date of this order, the Board must calculate a term for Petitioner and set an imminent date for his release in accordance with Section 3041(a) of the California Penal Code. Within ten days of Petitioner's release, Respondent must file a notice with the Court confirming the date on which he was released.

The clerk shall close the file.

**IT IS SO ORDERED.**

DATED: September 30, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL S. JONES,

      Plaintiff,

  v.

ARNOLD SCHWARZENEGGER et al,

      Defendant.

Case Number: CV07-04323 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 30, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Scott Jones E-40401
P.O. Box 689 (G-Wing 319L)
Soledad, CA 93960-0689

Dated: September 30, 2010

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

10